UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRELL AINSWORTH, CDCR #AL-4915, <br><br>　　　　　　　　　　Plaintiff, <br><br>vs. <br><br>CHANTHALANGSY, DR. MUHAMMAD, DR. SAHA, JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, RAFAEL ACEVEDO, <br><br>　　　　　　　　　　Defendants. | Case No.: 3:24cv-2350-AJB-VET <br><br>**ORDER: (1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g); and** <br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

On December 11, 2024, Plaintiff Tyrell Ainsworth, a state prisoner proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. The Court dismissed the action without prejudice on December 17, 2024, because Plaintiff failed to satisfy the filing fee requirement. ECF No. 2. The Court notified Plaintiff that to have his case reopened he must either pay the civil filing fee or file a request to proceed *in forma pauperis* ("IFP") no later than January 31, 2025. *Id.* at 2. On January 7, 2025, Plaintiff filed an IFP Motion. ECF No. 4.

## I. Motion to Proceed IFP

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP in cases where the prisoner:

> . . . has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Once a prisoner has accumulated three strikes, he is prohibited by § 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1055 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."). "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that (they) were) frivolous, malicious, or fail[ed] to state a claim," *Andrews*, 398 F.3d at 1116 n.1, "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Case 3:24-cv-02350-AJB-VET   Document 5   Filed 01/14/25   PageID.36   Page 3 of 4

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, but "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Andrews*, 398 F.3d at 1120.  That is the case here. The Court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

Based on a review of court proceedings available on PACER, the Court finds that Plaintiff Tyrell Ainsworth, identified as CDCR Inmate #AL-4915, while incarcerated, has had at least three prior civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. They are:

(1)  *Ainsworth v. Frisco*, Case No. 2:18-cv-07682-PSG-AGR (C.D. Cal. Sept. 14, 2018 (Doc. No. 4) (order dismissing as frivolous, malicious, or failure to state a claim on which relief may be granted) (strike one);

(2) *Ainsworth v. Batsakis*, Case No. 2:23-cv-01281-PA-AGR (C.D. Cal. Feb. 27, 2023) (Doc. No. 4) (order dismissing as frivolous, malicious, or failure to state a claim on which relief may be granted) (strike two);

(3) *Ainsworth v. Macombre*, et al., Case No. 2:23-cv-04263-PA-AGR (C.D. Cal. July 24, 2023 (Doc. No. 6) (order dismissing as frivolous or malicious (strike three).

Accordingly, because Plaintiff has, while incarcerated, accumulated at least three "strikes" as defined by § 1915(g), he is not entitled to the privilege of proceeding IFP in this action unless he makes a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.")

24-cv-2350-AJB-VET

Plaintiff does not meet the "imminent danger of serious physical injury" exception under 28 U.S.C. § 1915(g). Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head." *Andrews v. Cervantes*, 493 F.3d 1047, 1056 (9th Cir. 2007). It "cannot be triggered solely by complaints of past injury or generalized fears of possible future harm." *Hernandez v. Williams*, No. 21-cv-347-MMA-KSC, 2021 WL 1317376, at *2 (S.D. Cal. Apr. 8, 2021). In his Complaint, Plaintiff alleges he received delayed and/or inadequate medical care for swollen tonsils in early December 2024. He states that on December 2, 2024, after he became frustrated by the alleged insufficient medical care, he "swallowed 30-40 pills on camera," to try and get treatment. *Id.* at 5. Plaintiff was hospitalized, treated, and subsequently discharged on December 4, 2024. *Id.* While he a states he is "continuously" in "imminent danger," Plaintiff alleges no facts in his Complaint beyond a vague assertion that his inadequate medical care "is ongoing." ECF No. 1 at 8. Thus, Plaintiff has not satisfied the imminent danger of serious physical injury requirement and as such, may not proceed IFP in this case.

## II. Conclusion and Orders

For the reasons set forth above, the Court:

(1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 11) as barred by 28 U.S.C. § 1915(g); (2) **DENIES** Plaintiff's Motion to Supplement (ECF No. 6) as moot; (3) **DISMISSES** this civil action sua sponte without prejudice for failing to prepay the $405 civil and administrative filing fees required by 28 U.S.C. § 1914(a); (3) **CERTIFIES** that an IFP appeal from this Order would be frivolous pursuant to 28 U.S.C. § 1915(a)(3); and (4) **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED**.

Dated: January 14, 2025

Hon. Anthony J. Battaglia
United States District Judge